UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AYAD KASHAT and GAIDAA F. KASHAT,

        Plaintiffs,

v.

CHASE HOME FINANCE, LLC, and
PARAMOUNT BANCORP, INC.,

        Defendants.

_____/

Case No. 09-10863

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT PARAMOUNT BANCORP'S MOTION TO DISMISS AND DEFENDANT CHASE HOME FINANCE'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court are Defendant Paramount Bancorp, Inc.'s ("Paramount") Motion for Dismissal of Counts 3 and 5, (doc. 15), and Defendant Chase Home Finance, LLC's ("Chase") Motion to Dismiss and/or for Summary Judgment of all of Plaintiffs Ayad Kashat's and Gaidaa Kashat's claims, (doc. 27). Both of Defendants' motions have been joined by the relevant codefendant. (See docs. 25, 32). The parties previously stipulated to the dismissal of a number of Plaintiffs' claims, such that only the following claims remain:

    Count 2:    Wrongful Foreclosure
    Count 3:    Violation of 15 U.S.C. § 1639(h)
    Count 5:    Violation of 15 U.S.C. § 1601 *et seq.*
    Count 6:    Fraudulent Misrepresentation
    Count 7:    Negligent Misrepresentation.

(Docs 1, 26). For the reasons discussed below, the Court grants both of Defendants' motions.

## II.    STATEMENT OF FACTS

In their complaint, Plaintiffs allege that they began construction on a West Bloomfield property ("the Property") in 2004. This construction was financed through a loan with a non-party bank. Plaintiffs completed the construction and, in 2006, refinanced the construction loan by obtaining two loans on the Property that totaled approximately $1,750,000.

A $250,000 junior lien on the Property was serviced by Paramount. Plaintiffs state that during the two years before they got this loan in 2006 they lost an average of $79,669.50 each year. In addition, Plaintiffs allege that they were not provided any TILA diclosures or other documents disclosing the terms of payment for this loan.

A $1,500,000 senior lien on the Property was refinanced with Chase on February 11, 2008. According to the allegations in Plaintiffs' complaint, Chase misrepresented Plaintiffs' income as being $42,000/month in the application in order to qualify Plaintiffs for the loan. Plaintiffs were promised that the loan was meant to be temporary and that they would be able to sell the Property or refinance the loans if making the monthly payments became problematic.

Plaintiffs contend that Defendants granted loan applications such as theirs as part of a larger scheme to make loans to borrowers who would be unable to repay the loans. This scheme included artificially inflating the true value of properties in the mortgage market in order to lend more money and sell the loans on the mortgage-

backed securities market. When these property values fell, Plaintiffs owed significantly more on their mortgage loan than the Property could be sold for on the open market. Plaintiffs sought to modify the terms of the loans, but Defendants refused.  Thus, Plaintiffs eventually became could not make their mortgage payments.  They filed this suit on February 20, 2009.

### III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted."  "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true."  Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996).  Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true[.]"  Allard, 991 F.2d at 1240.  To defeat a motion to dismiss, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Allard, 991 F.2d at 1240 (quotation omitted).

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  There is no genuine issue of

material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

**IV. ANALYSIS**

*1. Count 2: Wrongful Foreclosure*

Plaintiffs claim that Defendants wrongfully foreclosed on the Property because (1) there has been no default of the mortgage and (2) "because of the nature of the [mortgage backed securities] market, it is highly unlikely that Defendant has the present ability to provide a record chain of title evidencing ownership of the mortgage."

Under M.C.L. § 600.3204(1),

> a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
>
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
>
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
>
> (c) The mortgage containing the power of sale has been properly recorded.
>
> (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

In addition, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204(3).

Defendants argue that this count should be dismissed because a default in the mortgage has occurred and because it owns the mortgage. Chase attached to its motion a duly recorded mortgage showing it to be the owner of the mortgage. Plaintiffs' response to Defendants' motion did not address why their wrongful foreclosure count should not be dismissed and, accordingly, they have abandoned this claim.

Furthermore, Plaintiffs' admit, in their complaint, that they "have now missed several mortgage payments, and can no longer afford to make any payments towards their ill-begotten mortgage loans." Plaintiffs have offered no argument concerning why this does not constitute a default. In addition, Plaintiffs made no response to Defendants' submissions showing that they own the mortgage. Accordingly, the mortgage foreclosure count shall be dismissed.

*2. Counts 3 & 5: 15 U.S.C. § 1639(h) and 15 U.S.C. § 1601 et seq.*

Defendants contend that Plaintiffs' claims under 15 U.S.C. § 1639(h) and 15 U.S.C. § 1601 *et seq.* are barred by the one-year statue of limitations. Plaintiffs respond that the statute of limitations either has not run or is subject to equitable tolling.

Under 15 U.S.C. § 1640(e), there is a one-year statute of limitations on these violations. Furthermore, the statute of limitations runs from the point in time when the loan agreement was signed. Rudisell v. Fifth Third Bank, 622 F.2d 243, 246 (6th Cir.

5

1980).  In this case, Plaintiffs have not disputed that they signed the loan agreement with Chase on February 11, 2008, and the loan agreement with Paramount no later than July 2006.  Accordingly, the statutes of limitation will have run before the February 20, 2009, filing of Plaintiffs' complaint if equitable tolling does not apply.

Plaintiffs seek to defeat the statute of limitation defense by asserting that Defendants' fraudulent concealment necessitates equitably tolling the limitations period. "In cases of fraudulent concealment, the statute of limitations can be tolled when the plaintiff demonstrates that: (1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." Jarrett v. Kassel, 972 F.2d 1415, 1423 (6th Cir. 1992).  "[T]he alleged acts of concealment . . . must amount to more than a failure on behalf of the defendant to disclose the initial fraudulent conduct.  Indeed, fraudulent concealment requires some act in addition to the commission of the initial fraudulent act because it implies conduct affirmatively directed at deflecting litigation." Jones v. Sazon Mortg., Inc., 980 F.Supp. 842, 846 (E.D. Va. 1997) (quotation and alteration omitted).

Plaintiffs do not allege any specific fraudulent concealment beyond the initial statutory violations themselves.  Their allegations touch solely upon Defendants' conduct in extending the loans at the time they were signed; they do not concern any separate fraudulent concealment.  In particular, under Count III, Plaintiffs allege that Defendants violated 15 U.S.C. § 1639(h) which states:

> "A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment."

Under Count V, Plaintiffs pleaded the following allegations:

> 56. Defendants provided false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property, in violation of the Truth in Lending Act.
>
> 57. Plaintiff did not discover, and could not discover, Defendant's violations of the Truth in Lending Act because the documents provided to Plaintiff were withheld from Plaintiffs and if they existed at all, were seriously misleading.
>
> 58. Thus, Plaintiffs' claims under the Truth in Lending Act are subject to tolling.

These allegations do not show any fraudulent concealment by Defendants apart from the alleged fraudulent acts themselves.

Furthermore, Plaintiffs have not shown that they could not have discovered their cause of action despite exercising due diligence. Their claim is based on statements or omissions by Defendants that were readily discoverable at the time of closing. Plaintiffs' allegation that Defendants provided "false interest rate, fee and monthly payment disclosures" that were "seriously misleading" fails to articulate why they could not discover, by exercising due diligence, that the disclosures were false. Likewise, Plaintiffs have not explained why they could not have discovered the fact that their loan application misrepresented their income. As in Mills v. Equicredit Corp., 294 F.Supp.2d 903, 909 (E.D. Mich. 2003), "[b]y exercising due diligence, Plaintiffs could have discovered the terms of the loans by reading the loan documents."

Plaintiffs' response that "it is just the type of fraudulent concealment committed by [Chase] that the doctrine of equitable tolling applies to" is conclusory and lacks sufficient detail. Thus, Plaintiffs have failed to show that they are entitled to equitable

7

tolling of the statute of limitations. Accordingly, Counts III and V will be dismissed because the limitations period expired before Plaintiffs filed this suit.

> 3. *Counts 6 and 7: Fraudulent and Negligent Misrepresentation*

As an initial matter, it is unclear from Plaintiffs' complaint whether Counts 6 and 7 are against only Chase, only Paramount, or both Defendants. In their response, however, Plaintiffs only argue that Counts 6 and 7 state valid claims against Chase. Accordingly, Plaintiffs have abandoned any claim that those counts apply to Paramount, and the Court will only address them as pertaining to Chase.

Counts 6 and 7 allege that Chase provided Plaintiffs with materially false property value and payment disclosures. In particular, Chase made "false material misrepresentations by representing that the property values on the mortgage market were much greater than they actually were," and "Defendants further knew, or were reckless to the truth without knowledge that true property values were not reflective of the values of the loans being made[.]" Plaintiffs also allege that Chase misrepresented the terms of the loan, the property value, whether they could refinance, and the amount of the monthly payments.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "The Sixth Circuit reads this rule liberally, however, requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993) (quotation

8

omitted). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[ ] to answer, addressing in an informed way the [plaintiff's] claim of fraud." Id. at 162 (quotations omitted).

Plaintiffs' broad and conclusory allegations fail to state a claim for fraudulent or negligent misrepresentation with the particularity required by Rule 9(b). In particular, Plaintiffs' complaint does not contain allegations concerning the time and place of the alleged misrepresentations. Plaintiffs argument that the misrepresentations must have been made around the time of closing is inadequate because this is insufficient information to permit Defendants to respond meaningfully to the allegations. Id. Plaintiffs cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss. Cf. Twombly, 550 U.S. at 555. Because Plaintiffs failed to plead these items with the particularity required, their fraud and negligence claims shall be dismissed. See Coffey, 2 F.3d at 161-62.

Plaintiffs request, in the alternative, leave to amend Counts 6 and 7. Leave to amend is freely granted when justice so requires. FED. R. CIV. P. 15(a)(2). The Court finds, however, that Counts 6 and 7 so obviously lack the required specificity that the interests of justice do not favor granting leave to amend. Therefore, the Court will not grant Plaintiffs leave to amend Counts 6 and 7.

## V. CONCLUSION

Accordingly, both Paramount's Motion for Dismissal and Chase's Motion to Dismiss and/or for Summary Judgment are **GRANTED**.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: February 10, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
DEPUTY CLERK